## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dana Kidd, Jr., | Case No. 20-cv-00287 (SRN/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Fikes, *FCI Sandstone*, | |
| Respondent. | |

Dana Kidd, Jr., Renville County Jail, 104 Fourth Street South, Olivia MN 56277, *Pro Se*.

Ana H. Voss, Andrew Tweeten, and Ann M. Bildtsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Dana Kidd, Jr.'s Objection [Doc. No. 17] to United States Magistrate Judge Tony N. Leung's August 17, 2020 Report and Recommendation [Doc. No. 12] ("R&R"). The magistrate judge recommended that Kidd's Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition") be denied and the action be dismissed with prejudice. (R&R 9.) In addition, prior to filing the Objection, Kidd filed a Motion to Appoint Counsel [Doc. No. 15]. For the reasons set forth below, Kidd's objections are overruled, the Court adopts the R&R in its entirety, dismisses the matter with prejudice, and denies the Motion to Appoint Counsel.

1

## I.      BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Kidd's objections.

In 2005, Kidd was convicted of conspiracy to distribute cocaine and aiding and abetting possession with intent to distribute cocaine. (Decl. of Angela Kelly [Doc. No. 10] ¶ 5 (citing *United States v. Kidd*, No. 04-06006-02-CR-SJ-ODS (W.D. Mo.)).) Kidd was sentenced to a 120-month term of imprisonment with 8 years of supervised release. (*See id.*) Kidd satisfied his sentence in 2012 and was granted early release after successfully completing a residential drug abuse program, and began his term of supervised release. (*See id* ¶ 7.)

On September 25, 2018, Kidd pleaded guilty to violating the terms of his supervised release and was sentenced to a 24-month term of imprisonment. (Kelley Decl., Exs. D, E, F.) In addition, Kidd was found guilty of one count of conspiracy to commit healthcare fraud and one count of mail fraud, for which he was sentenced to another 24-month term of imprisonment with 3 years of supervised release. (*See id.*) The Court ordered that the sentences be served consecutively, for an aggregate total of 48 months. (*Id.*)

The Federal Bureau of Prisons then recalculated Kidd's good-conduct time and projected release date in accordance with the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). In making its good-conduct time calculation, the Bureau analyzed only Kidd's aggregate 48-month sentence—it did not consider Kidd's completed

2005 sentence. (Kelley Decl. ¶ 13; *id.* Ex. A.) Thus, the Bureau projected that Kidd would earn a 216-day credit for good conduct. (*Id.* ¶¶ 10, 14; *id.* Ex. A.)

Kidd filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that the Bureau should have applied the FSA to his initial 2005 sentence and granted him an additional 7-day credit for each year of that sentence, amounting to an additional 70 days of good-conduct time. The magistrate judge found that the Bureau correctly calculated Kidd's good-conduct time and recommended dismissal of the Petition. Prior to filing his Objection, Kidd filed a Motion to Appoint Counsel, asserting that due to the COVID-19 Pandemic he had been transferred to a jail without a law library and therefore could not prepare his Objection. Four days later, Kidd filed a brief objection, which generally disagreed with the magistrate judge's reasoning and reasserted Kidd's claim to an additional 70-day credit.

## II.    DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

The Court finds that the magistrate judge correctly concluded that Kidd was not entitled to an additional 70 days' good-conduct time. Under the FSA, "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that

3

year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). The FSA increased the annual limit for good-conduct credit from 47 days to 54 days. *See id.* Kidd argues that because part of his aggregate 48-month sentence resulted from the violation of supervised release imposed along with his 2005 sentence, the Bureau should have recalculated the good-conduct time credited to his 2005 sentence using the FSA's formula, resulting in an additional 70-day credit.

As the magistrate judge aptly explained, a revocation sentence is "in some sense . . . united with an original sentence," but because a revocation sentence is "partly based on new conduct, is wholly derived from a different source, and has different objectives altogether," a revocation sentence "is [thus] separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." (R&R 6-7 (first quoting *Parks v. Quay*, No. 1:20-cv-437, 2020 WL 2525957, at *2 (M.D. Penn. May 18, 2020), then *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005), and finally *Kieffer v. Rios*, No. 19-cv-899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), *aff'd*, 2019 WL 8194484 (8th Cir. 2019)).) Accordingly, "federal courts have 'flatly rejected' attempts by prisoners serving revocation sentences to mine their completed underlying sentences for additional good-conduct time." (*Id.* at 7 (citing *Parks*, 2020 WL 2525957, at *2 and several other authorities).)

In short, although the revocation sentence imposed on Kidd was related to Kidd's 2005 sentence insofar as Kidd's supervised release was part of his 2005 sentence, the FSA does not permit Kidd to receive additional good-conduct credit for his completed 2005 sentence. Thus, the magistrate judge correctly concluded that the Bureau properly

4

calculated Kidd's good-conduct time by applying the FSA to the aggregate 48-month sentence, without regard for the initial 120-month term of imprisonment. Accordingly, the Court dismisses the Petition.

Finally, Kidd filed a Motion to Appoint Counsel, seeking help with filing his Objection. The Court notes that Kidd subsequently filed his Objection, rendering the motion moot. In any event, there is no constitutional or statutory right to counsel in habeas proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Such appointments are rare, and granted only if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court finds that the interests of justice do not require appointing counsel for Kidd, and therefore denies the motion.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Doc. No. 17] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 12] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED**; and

4. Petitioner's Motion to Appoint Counsel [Doc. No. 15] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 7, 2020                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge